IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Cr. No. 04-60016-HO |
| v. | ) | ORDER |
| GREGG LEON CRAMPTON, | ) | |
| Defendant. | ) | |

Defendant is charged with two counts of being a felon in possession of ammunition. The indictment lists three convictions that allegedly qualify defendant to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) (ACCA).

Defendant moves to dismiss the portion of the indictment charging him with a violation of 18 U.S.C. § 924(e) on the ground that the allegations do not establish the existence of sufficient predicate convictions to support the charge.

In order to trigger the mandatory fifteen year minimum sentence provided by Section 924(e)(1), a defendant must have three qualifying convictions. State law drug distribution (including possession with intent to distribute) or manufacture offenses punishable by a maximum term of imprisonment of ten years or more qualify as a predicate offense. 18 U.S.C. § 924(e)(2)(A)(ii). A violent felony punishable by a maximum term exceeding one year also qualifies as a predicate offense. 18 U.S.C. § 924(2)(2)(B).

The indictment lists:

- A 2001 conviction for unlawful manufacture of methamphetamine in Union County, Oregon.

- A 1998 conviction for unlawful possession of a short barrel shotgun.

- a 1998 conviction for two counts of unlawful delivery: methamphetamine and marijuana.

Defendant received sentences, under Oregon's Sentencing Guidelines, that were significantly less than 10 years for the drug offenses, but he did received 10 months + 90 days for the gun offense. The State statutory maximum for the 2001 and 1998 drug offenses is 10 years pursuant to ORS § 161.605(2) (class B felonies). The gun offense qualifies as a violent felony and

defendant does not contest that this is a predicate offense for purposes of the ACCA.

Defendant argues that the <u>Blakely v. Washington</u>, 124 S.Ct. 2531(2004), decision held that the "statutory maximum" sentence in any given case is the presumptive sentence-the sentence computed for the particular offender for the specific crime for facts found by a jury. Defendant continues that because his sentences for the drug crimes computed to less than 10 years, his drug convictions do not qualify.

Defendant contends that the State of Oregon determined in <u>State v. Dilts</u>, 337 Or. 645, 651 n.6, 82 P.3d 593 (2004) (<u>Dilts</u> II), the maximum term of imprisonment under Oregon law is the maximum term permitted by application of the Oregon sentencing guidelines which in his case, as noted, is less than 10 years for the drug offenses. <u>Dilts</u> and <u>Blakely</u> do state the maximum term of imprisonment for Sixth Amendment Due Process purposes is the presumptive sentence. It is also true that state law determines whether an offense is a qualifying predicate offense under Section 924(e).

However, in determining whether a prior offense is a serious drug offense under the ACCA, the court looks only to the statutory definition of the offense, and not to underlying facts. See <u>United States v. Moore</u>, 286 F.3d 47, 49 (1st Cir. 2002) (citing <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990)); <u>McCarthy v. United States</u>, 135 F.3d 754, 756-57 (11th Cir. 1998). The Ninth Circuit has

recognized that this is the approach prescribed by the Supreme Court in Taylor to determine whether an offense is a "violent felony" as defined by the ACCA. United States v. Melton, 344 F.3d 1021, 1023 (9th Cir. 2003) and there is no reason to deviate from this standard for purpose of determining whether an offense is a "serious drug offense" as defined by the ACCA.

Defendant contends that Blakely v. Washington has changed the source of state law to which the court should look to determine whether a conviction was for a qualifying predicate offense. Defendant contends that because Dilts II makes clear that the court could not depart upward from Oregon's guidelines to reach a sentence of ten years on any of his convictions, all of his offenses were not punishable by ten years or more. However, until the Ninth Circuit addresses the issue directly, the court declines to deviate from the Taylor analysis.[1] As the law stands currently, it does not matter what sentence could be imposed under the guidelines or what sentence actually was imposed. The offenses have maximum penalties, prescribed by statute. When there is no issue as to which of several offenses were committed (as sometimes arises when an indictment charges prior conviction of a violent felony), "there is no warrant for probing beneath the statutory definition of the

---

[1] At this point, the Ninth Circuit has only hinted, and only for purposes of the federal guidelines enahncements, that a sentencing court should look to Oregon sentencing guidelines to determine whether an offense is a "felony" post- Blakely. See United States v. Moreno-Hernandez, 397 F.3d 1248 (9th Cir. 2005).

crime." Moore, 286 F.3d at 50. Defendant's arguments would require the court to look beyond the statutory definition.

Section 924(e)(1) is a mandatory minimum sentencing scheme imposed by Congress. The court defers to the Supreme Court authority as to how to apply the statute until the Supreme Court or court of appeals directs otherwise. Thus, for purposes of the ACCA, the court looks only to the statute and finds that the prior convictions are serious drug offenses as a matter of law for purposes of the ACCA.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#24) is denied.

DATED this 3rd day of May, 2005.

_____
United States District Judge