IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   Cr. No. 04-60016-HO
                                    )
                                    )
            v.                      )   ORDER
                                    )
GREGG LEON CRAMPTON,                )
                                    )
            Defendant.              )
_____)

Defendant is charged with two counts of being a felon in possession of ammunition. The indictment lists three convictions that allegedly qualify defendant to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1).

Defendant has previously moved to dismiss the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), portion of the indictment contending that the allegations failed to establish the requisite

predicate offenses. The court denied the motion on May 12, 2005.[1]
Defendant has now filed three more motions to dismiss.

A.  Second Motion to Dismiss (#41)

Defendant asserts that the indictment fails to state an offense because Oregon law does not prohibit a convicted felon from possessing ammunition. When defendant was arrested in May 2003, federal law, but not Oregon law, prohibited his possessing ammunition. 18 U.S.C. § 922(g)(1); ORS § 166.270.

Defendant relies on United States v. Miller, 105 F.3d 552, 554 (9th Cir. 1997) where the Circuit Court held that an Oregon burglary conviction could not be considered a conviction for purposes of felon in possession of ammunition prosecution, where defendant's civil rights were restored by operation of law at the time of parole and the restoration did not prohibit his possession of ammunition. Id. at 554. Section 921(a)(20) provides that, "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of [Section 922(g)], unless such ... restoration of civil rights expressly provides that the

---

[1] Defendant asked the court to look beyond the statutory definitions for the alleged predicate offenses to determine that under Oregon's sentencing guidelines the convictions did not qualify. Since that time, the Ninth Circuit has ruled that for federal sentencing guidelines purposes, the court looks to the statutory maximum sentence for Oregon State convictions occurring before State v. Dilts, 103 P.3d 95 (Or. 2004). United States v. Moreno-Hernandez, __ F.3d __, 2005 WL 1964483 (9th Cir. 2005). In addition, the Ninth Circuit has held for purposes of prosecution of felon in possession of a firearm, the maximum sentence for the prior conviction is defined by the state criminal statute, not the maximum sentence in the particular case set by the state's sentencing guidelines. See United States v. Murillo,__ F.3d __, 2005 WL 2174415 (9Th Cir. 2005).

2 - ORDER

person may not ship, transport, possess, or receive firearms." Here, defendant's civil rights were restored by operation of law when he was paroled. See ORS § 137.281. As noted above, Oregon law does not specifically prohibit possession of ammunition by a convicted felon.

After Miller, the Supreme Court tackled a related issue in Caron v. United States, 524 U.S. 308 (1998). In Caron, the applicable state statute prohibited a felon from possessing some firearms but not others, just as the applicable Oregon statute here prohibits possessing firearms but not ammunition. The Supreme Court held that if state law restores a felon's civil rights but continues to prohibit the possession of even one kind of firearm, thereby satisfying the "unless" clause in Section 921(a)(20), then Section 922(g) operates to prohibit the possession of all kinds of firearms.

> While state law is the source of law for restorations of other civil rights ... it does not follow that state law also controls the unless clause.... [F]ederal policy still governs the interpretation of the unless clause. We see nothing contradictory in this analysis. Restoration of the right to vote, the right to hold office, and the right to sit on a jury turns on so many complexities and nuances that state law is the most convenient source for definition. As to the possession of weapons, however, the Federal Government has an interest in a single, national, protective policy, broader than required by state law.

United States v. Wheeler, 117 F.Supp.2d 638, 641-42 (E.D. Mich. 2000); see Caron, 524 U.S. at 316.

As the United States Court of Appeals for the Eighth Circuit recognized in DeRoo v. United States, 223 F.3d 919 (8th Cir. 2000),

whether state law allows a defendant to possess ammunition is immaterial for purposes of Section 922(g). See id. at 925-26. As in DeRoo, Defendant here is charged under a federal statute that prohibits possession of firearms and ammunition by a person convicted of a felony under state law. See 18 U.S.C. § 922(g). This court must look to state law to determine only whether Defendant was convicted of a felony, and if so, whether Defendant has had his conviction expunged, set aside, or pardoned, or has had his civil rights restored. See 18 U.S.C. § 921(a)(20); DeRoo, 223 F.3d at 926. Prior to Caron, there was a split among some Courts of Appeals on this issue. Compare United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994), with United States v. Miller, 105 F.3d 552, 554 (9th Cir. 1997). After Caron, however, the Eighth Circuit's opinion in DeRoo should state the applicable law for possession of ammunition charges. While the Ninth Circuit has not officially overruled Miller yet,[2] the Caron Court found that _any_ state weapons limitation imposed on a felon triggers the federal ban on felons possessing firearms. Because Oregon does provide for a firearm limitation, this court finds that defendant may be prosecuted for violation of section 922(g) for possessing ammunition despite

---

[2]But see United States v. Marks, 379 F.3d 1114, 1119 (9th Cir. 2004) (once the fact of felony conviction has been established by state law, federal law governs prosecutions under section 922(g)(1)); United States v. Brailey, 408 F.3d 609, 612 (9th Cir. 2005) ("Caron establishes ... that while the restoration of civil rights enjoyed under state law by persons convicted of crimes governed by state law, federal law governs whether a person's possession of a firearm violates a federal statute").

4 - ORDER

Oregon's lack of limitation specifically with respect to ammunition. The motion to dismiss is denied.

B.  Third Motion to Dismiss (#42)

Defendant asserts that his unlawful possession of a short barreled shotgun conviction does not qualify as a "violent felony" under the ACCA, 18 U.S.C. 924(e)(2)(B), and that therefore the ACCA portion of the indictment should be dismissed because only two qualifying convictions would remain. It should be noted that in his first motion to dismiss, defendant conceded that he had been convicted of "violent felony." See Defendant's Memo (#24) at p. 4 ("only one of the predicate offenses qualifies because it is a violent felony.").

In order to trigger the mandatory fifteen year minimum sentence provided by Section 924(e)(1), a defendant must have three qualifying convictions. State law drug distribution (including possession with intent to distribute) or manufacture offenses punishable by a maximum term of imprisonment of ten years or more qualify as a predicate offense. 18 U.S.C. § 924(e)(2)(A)(ii). A violent felony punishable by a maximum term exceeding one year also qualifies as a predicate offense. 18 U.S.C. § 924(2)(2)(B).

Defendant was convicted of possession of a short barreled shotgun. ORS § 166.272 provides that a person who possesses a short barreled shotgun without registering the shotgun as required by

federal law commits the class B felony and can be sentenced to a 10 year maximum sentence under ORS § 161.605(2). Defendant contends that ORS § 166.272 can be violated in a non-violent way, e.g., by simply possessing the shotgun without documentation or by constructive possession and that in the absence of further information, the court cannot determine that conviction was for one of violence under the ACCA involving conduct of a serious potential risk to another.

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B).

Defendant primarily relies on United States v. Fish, 368 F.3d 1200, 1202-04 (9th Cir. 2004) where the court found that, in using the categorical approach or even modified categorical approach, that the mere possession of a destructive device does not involve the use, attempted use, or threatened use of physical force against another person for purposes of the sentencing guidelines. However, the Ninth Circuit has held that possession of an unregistered sawed-off shotgun is categorically a "crime of violence." United

States v. Dunn, 946 F.2d 615, 620-21 (9th Cir. 1991) (interpreting 18 U.S.C. § 16(b)); United States v. Hayes, 7 F.3d 144, 145 (9th Cir. 1993); United States v. Ampro, 68 F.3d 1222, 1225 (9th Cir. 1995). The motion to dismiss is denied.

C. Fourth Motion to Dismiss (#43)

Defendant seeks dismissal of the ACCA portion of the indictment contending that the indictment fails to allege the necessary elements of the ACCA, e.g., the number of offenses, that any of the alleged prior offenses are "separate offenses", or "serious drug offenses", or "violent felonies." Defendant contends that these elements must be alleged in an indictment and determined by a jury. However, whether defendant has prior convictions, on which a district court could rely in sentencing him under the ACCA, is not question that has to be submitted to jury and proven beyond reasonable doubt and whether defendant's prior convictions qualify as "violent felonies" or "serious drug offenses," is a legal, rather than a factual question, which does not have to be submitted to jury. See United States v. Quintana-Quintana, 383 F.3d 1052, 1053 (9th Cir. 2004); United States v. Smith, 390 F.3d 661, 666-67 (9th Cir. 2004).

> In a recent case, the Ninth Circuit specifically stated:
>
> On appeal, Defendant raises two related issues pertaining to the career-offender enhancement. [footnote 3 omitted] First, he argues that the fact of his prior convictions had to be proved to a jury beyond a reasonable doubt.

7 - ORDER

That argument is foreclosed by Quintana-Quintana, 383 F.3d at 1053, which held that Blakely, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, does not upset the rule that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d *1079))435 (2000), carves out an exception for proving the fact of a prior conviction. Booker, 125 S.Ct. at 755-56, which applied Blakely to the federal Sentencing Guidelines, does not change the Sixth Amendment analysis. See Booker, 125 S.Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt.") (emphasis added); see also United States v. Cortez-Arias, 403 F.3d 1111, 1114 n. 8 (9th Cir.2005) ("Because the sentencing enhancement we address is based only on the fact of a prior conviction, our decision is unaffected by the Supreme Court's recent holding in [Booker]."); United States v. Moreno-Hernandez, 397 F.3d 1248, 1255 n. 8 (9th Cir.2005) (same).

Defendant's second argument is that, even if the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt, a jury must decide whether a prior conviction should be classified as a "crime of violence" for the purpose of determining career-offender status under U.S.S.G. § 4B1.1. We rejected a nearly identical argument in Smith, 390 F.3d at 666- 67. There, we held that the district court determined no more than the "fact of a prior conviction" when it characterized the defendant's prior convictions as "violent felonies" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(c). We reasoned that the categorical and modified categorical analyses conducted pursuant to Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and employed in Smith, prohibit inquiry into the facts underlying a prior conviction. Smith, 390 F.3d at 664-66. We see no principled basis for a different rule under the career-offender provisions of the Sentencing Guidelines. See United States v. Riley, 183 F.3d 1155, 1158 (9th Cir. 1999) (applying the Taylor categorical approach to a "crime of violence" determination under the career-offender provisions of the Sentencing Guidelines).

When the Taylor approach is followed, the categorization of a prior conviction as a "violent felony" or a "crime

of violence" is a legal question, not a factual question coming within the purview of Apprendi, Blakely, and Booker. [footnote 4 omitted] See, e.g., United States v. Lewis, 405 F.3d 511, 514 (7th Cir. 2005) ("That legal criteria ('what kind of crime is this?') rather than factual inquiries ('what did this person do when violating that statute?') identify a 'crime of violence' is the principal reason why the [prior convictions] proviso to Booker exists[.]"); United States v. McGuire, 389 F.3d 225, 231 (1st Cir.2004) (noting that "whether a prior conviction qualifies as a predicate offense under [U.S.S.G.] section 4B1.1 is a question of law" and holding that the defendant's sentencing as a career offender did not violate Blakely) (internal quotation marks and alterations omitted); United States v. Trala, 386 F.3d 536, 547 n. 15 (3d Cir. 2004) (holding, under U.S.S.G. § 4B1.1, that "whether an offense is a 'crime of violence or a controlled substance offense' is a legal determination, which does not raise an issue of fact under Blakely or Apprendi"). Accordingly, Defendant's sentence was not based on an impermissible finding of fact, but only on the fact of his prior convictions. Therefore, there is no Sixth Amendment violation.

United States v. Brown, 417 F.3d 1077, 1078-80 (9th Cir. 2005).

Defendant's motion to dismiss is denied.

CONCLUSION

For the reasons stated above, defendant's motions to dismiss (#41, #42, and #43) are denied.

DATED this 20th day of September, 2005.

Michael C. Hogan
United States District Judge

9 - ORDER